IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ZACHARY ANGLIN, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 5:19-CV-0447 |
| ELEVATED LOGISTICS, LLC, RICHARD C. HOHENSEE, | § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Zachary Anglin ("Named Plaintiff" or "Anglin") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I.  NATURE OF SUIT

1. The FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants are violating the FLSA by misclassifying their Delivery Drivers ("Drivers") as independent contractors and failing to pay them any additional wages for working more than forty hours in a workweek.

3. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Zachary Anglin is an individual who resides in the State of Texas.  At all relevant times, Anglin was an "employee" of Defendants as defined by the FLSA.  At all relevant times, Defendants were, individually and jointly, Anglin's "employer" as defined by the FLSA.  Anglin has consented to be a party-plaintiff to this action, as indicated in his consent form, which has been filed in this matter as Docket No. 1-1.

5. The Named Plaintiff and Class Members are Defendants' current and former Drivers who were classified as independent contractors, who worked in excess of 40 hours in a workweek, and who were not paid one and a half times their regular rate of pay for hours worked in excess of 40 in a week.

6. Elevated Logistics, LLC is a Texas limited liability company that is currently authorized to do business in Texas and that is doing business in Texas.  Its principal office is located in San Antonio, Texas.  Its registered agent for service of process is Richard C. Hohensee, 1162 East Sonterra Boulevard, Suite 100, San Antonio, Texas 78258, or wherever he may be found.  During all relevant times, Elevated Logistics has done business in the San Antonio Division of the United States District Court for the Western District of Texas.

7. Richard C. Hohensee is an individual residing in or around Comal County, Texas.  Defendant Hohensee was, at all times relevant to this action, an "employer" of Plaintiffs as that term is used in the FLSA, 29 U.S.C. §203(d).  Defendant Hohensee may be served with process at 30745 Longhorn Trail, Bulverde, Texas, or wherever he may be found.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

9. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas. Defendants are subject to this Court's personal jurisdiction for purposes of this civil action. Defendants therefore reside in this district and division. In addition, Named Plaintiff Anglin performed work for Defendants in and around San Antonio, Texas. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants have each, individually and jointly, been an "employer" in relation to the Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have each, individually and jointly, been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned Defendants have each, individually and jointly, been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

for commerce by any person and in that enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

**A. The business of defendant Elevated Logistics.**

15. Elevated Logistics contracts with other companies to provide delivery services. Elevated Logistics' customers include HEB. Elevated Logistics delivers prescription pharmaceuticals from HEB pharmacies to HEB customers. Elevated Logistics also transported prescription pharmaceuticals between and among HEB locations. The Plaintiff Drivers were responsible for making those deliveries.

16. At all relevant times, Elevated Logistics had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level).

**B. The individual defendant Richard C. Hohensee owns and controls the operations of Elevated Logisitics, LLC.**

17. Richard C. Hohensee is an owner and member of Elevated Logistics, LLC. Defendant Hohensee is responsible for Elevated Logistics' management, sales, payroll, and the policies and procedures applicable to Defendants' Drivers.

18. Defendant Hohensee is responsible for running the day-to-day operations of Elevated Logistics.

19. Defendant Hohensee, at all relevant times, possessed and, in fact, exercised the power to hire and fire Defendants' Drivers.

20. Defendant Hohensee, acting directly in the interest of Elevated Logistics, determined the wages to be paid to Plaintiffs.

21. Defendant Hohensee, acting directly in the interest of Elevated Logistics, maintained employment records on Plaintiffs.

22. Defendant Hohensee, acting directly in the interest of Elevated Logistics, determined the locations where Plaintiffs would work.

23. Defendant Hohensee supervised and controlled Plaintiffs' work schedules and conditions of employment and determined the rate and method of payment.

24. Defendants jointly employed Named Plaintiff and Class Members. Defendants exercised a unified operation and common control over the Named Plaintiff and Class Members. Defendants are part of a single integrated enterprise that employed Named Plaintiff and Class Members.

**C. Defendants misclassify their Drivers as independent contractors and Defendants engage the Drivers to deliver their customers' products.**

25. Defendants primary business is the delivery of goods for their customers. Defendants primarily deliver prescription pharmaceuticals for HEB to HEB customers. Defendants make those deliveries for HEB in and around Austin to as far south as Laredo.

26. HEB pays Defendants to deliver prescriptions to HEB customers. Defendants in turn hire Drivers to perform the work of delivering those goods.

27. Defendants also contract with Ace Mart to make deliveries in and around San Antonio. Defendants' Drivers, including Named Plaintiff, made the deliveries for Ace Mart.

28. In performing their work, Plaintiffs handle prescription pharmaceuticals, automobiles, and other goods that were manufactured outside of the State of Texas.

29. Defendants classify their Drivers as independent contractors and issue them IRS form 1099s.

30. Defendants' Drivers are employees under the FLSA, and they are not exempt from the overtime protections of the FLSA.

31. Named Plaintiff Anglin worked for Defendants as a Driver, off and on, from approximately March 2017 until January 2019.   During that time, Named Plaintiff Anglin worked Monday through Friday, approximately ten to twelve hours per day, and he frequently worked on Saturdays in order to complete deliveries.  Therefore, he regularly worked more than forty hours per week.

32. In addition to these daytime hours, Named Plaintiff Anglin also made frequent overnight delivery trips between San Antonio and Laredo.

33. Class Members also regularly worked more than forty hours per week.  Defendants required Plaintiffs to be available and ready to work by 9:00 a.m. each business day.  If Plaintiffs were not available and ready to work by 9:00 a.m., they were subject to termination; and Defendants in fact terminated Drivers for not being available and ready to work by 9:00 a.m.

34. In addition, Defendants required the Plaintiffs to work until the last delivery of the day was completed, no matter what time that might have been.  If the Plaintiffs could not complete the deliveries for the day (because, for example, an HEB customer was not at their home to receive the delivery), Plaintiffs were then required to drive to an HEB with a pharmacy that was open 24 hours in order to return the undeliverable pharmaceuticals.  Consequently, Plaintiffs frequently worked until 7:00 p.m. and often later than that.

35. Despite the Plaintiffs' long hours, Defendants pay their Drivers on a per delivery basis.  More specifically, Defendants paid their drivers $4.88 for each prescription delivered.  In addition, Defendants paid Plaintiffs a flat rate of $150.00 to make overnight deliveries between San Antonio and Laredo.  Defendants do not pay Drivers on a salary, a fee, or an hourly basis and they do not pay Drivers any additional wages for hours worked over forty in a workweek.

36. Defendants do not record the number of hours worked per workweek by Named Plaintiff Anglin or the Class Members.

37. However, Defendants do utilize a delivery program that records GPS data for each individual Plaintiffs' delivery routes.

**D. Defendants' misclassify Drivers as independent contractors and have failed to pay them any overtime compensation.**

38. Drivers work for Defendants that is an integral part of Defendants' business—delivering products for their customers, primarily HEB.

39. Defendants require their Drivers to wear Elevated Logistic uniform shirts, hats, name badge, and black pants while performing work for Defendants.

40. Defendants' Drivers are not organized as separate businesses but instead work for Defendants as individuals.

41. Defendants do not permit Drivers to work for any other employer while working for Defendants. For example, Named Plaintiff Anglin attempted to drive for Lyft and Uber while working for Defendants, but Defendants would not permit him to do so.

42. Plaintiffs often, but not always, provided their own cars to do the deliveries. When Plaintiffs did so, Defendants agreed to pay the Plaintiffs $25 per day for fuel. However, Defendants did not always pay the $25 to the Plaintiffs.

43. Defendants also, from time to time, rented vehicles to the Plaintiffs.

44. In the performance of their work for Defendants, the Plaintiffs operated vehicles with a gross vehicle weight rating of less than 10,000 pounds during each workweek that they performed work for the Defendants.

45. Defendants directed Plaintiffs to make all deliveries. Plaintiffs did not have discretion to pick and choose which deliveries they would make or which deliveries they would not make.

46. The Drivers' primary job duty required little skill.  The only skill required of the job is the ability to drive.

47. For all times relevant to this action, the Plaintiffs' primary job duty is not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

48. For all times relevant to this action, the Plaintiffs' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

49. For all times relevant to this action, the Plaintiffs' primary job duty is not the making of sales or obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer.

50. For all times relevant to this action, the Plaintiffs' primary job duty is not one requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction, or requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

## VI. COLLECTIVE ACTION ALLEGATIONS

51. Named Plaintiff and the Class Members have performed, and are performing, the same or similar job duties as one another in that they all worked as Drivers for Defendants. Moreover, Named Plaintiff and Class Members worked in excess of forty (40) hours in a workweek.  Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were all misclassified as independent contractors and Defendants failed to pay them at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.  Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

52. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of misclassifying its Drivers as independent contractors and not paying the Drivers at one and a half times their regular rate of pay for hours worked in excess of forty hours in week.  This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members.  Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applies to all Class Members.  Accordingly, the "Class Members" are properly defined as:

> **All individuals who worked for Defendants as a Driver at any time in the last three years.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

53. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed.  Defendants acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

54. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay at which its employees are employed are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Named Plaintiff prays for an expedited order certifying a collective action and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

d. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

e. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

f. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

h. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**
700 West Summit Drive
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier

By: */s/ Edmond S. Moreland, Jr.*
       Edmond S. Moreland, Jr.
       State Bar No. 24002644
       edmond@morelandlaw.com


Daniel A. Verrett
Texas State Bar No. 24075220
daniel@morelandlaw.com
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

**ATTORNEYS FOR PLAINTIFFS**